UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GREG V. JOHNSON,

Plaintiff,

- against -

WALDEN UNIVERSITY, INC.,

Defendant.

NO. 3:08 CV 0045 (JCH)

APRIL 1, 2008

## ANSWER

Defendant Walden University, Inc. ("Walden"), by and through its attorneys, Paul, Hastings, Janofsky & Walker LLP, hereby answers the Complaint as follows:

### *Allegations of Jurisdiction and Venue*

1.      Walden lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and accordingly those allegations are denied.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      The allegations in Paragraph 5 are legal conclusions and statements of jurisdiction to which no response is required.  To the extent a response is required, those allegations are denied.

6.      The allegations in Paragraph 6 are legal conclusions and statements of venue to which no response is required.  To the extent a response is required, those allegations are denied.

### COUNT I (Fraudulent Misrepresentation)

1.      Walden admits that it is a for-profit, distance learning educational institution, but the remaining allegations contained in Paragraph 1 are denied.

2.      Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and accordingly those allegations are denied.

3.      Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and accordingly those allegations are denied.

4.      Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and accordingly those allegations are denied.

5.      Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and accordingly those allegations are denied.

6.      Walden admits that, on or about February 4, 1997, it was operating a distance learning educational institution offering degree courses, but the remaining allegations contained in Paragraph 6 are denied.

7.      Denied.

8.      Paragraph 8 attempts to summarize, paraphrase, or quote from written materials, and those written materials speak for themselves.  To the extent a response is required, those allegations are denied.

9.      Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and accordingly those allegations are denied.

10.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and accordingly those allegations are denied.

11.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and accordingly those allegations are denied.

12.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and accordingly those allegations are denied.

13.     Admitted.

14.     The allegations of Paragraph 14 are admitted, except Walden notes that Academic Psychology was changed to General Psychology, effective as of

September 2004, and Sport Psychology was discontinued, effective as of September 2004.

15.     Admitted that Plaintiff's application reflects that information.

16.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and accordingly those allegations are denied.

17.     Admitted.

18.     Admitted.

19.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and accordingly those allegations are denied.  To the extent Paragraph 19 attempts to summarize, paraphrase, or quote from written materials, those written materials speak for themselves.

20.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and accordingly those allegations are denied.  To the extent Paragraph 20 attempts to summarize, paraphrase, or quote from written materials, those written materials speak for themselves.

21.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and accordingly those allegations are denied.

22.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and accordingly those allegations are denied.  To the extent Paragraph 22 attempts to summarize, paraphrase, or quote from written materials, those written materials speak for themselves.

23.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and accordingly those allegations are denied.

24.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and accordingly those allegations are denied.  To the extent Paragraph 24 attempts to summarize, paraphrase, or quote from written materials, those written materials speak for themselves.

25.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and accordingly those allegations are denied.  To the extent Paragraph 25 attempts to summarize, paraphrase, or quote from written materials, those written materials speak for themselves.

26.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and accordingly those allegations are denied.  To the extent Paragraph 26 attempts to summarize,

paraphrase, or quote from written materials, those written materials speak for themselves.

27.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and accordingly those allegations are denied.  To the extent Paragraph 27 attempts to summarize, paraphrase, or quote from written materials, those written materials speak for themselves.

28.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and accordingly those allegations are denied.  To the extent Paragraph 28 attempts to summarize, paraphrase, or quote from written materials, those written materials speak for themselves.

29.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and accordingly those allegations are denied.  To the extent Paragraph 29 attempts to summarize, paraphrase, or quote from written materials, those written materials speak for themselves.

30.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and accordingly those allegations are denied.

31.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and accordingly those

allegations are denied. To the extent Paragraph 31 attempts to summarize, paraphrase, or quote from written materials, those written materials speak for themselves.

32.    Walden admits that at one time Dr. John Anderson was Plaintiff's committee chair, but Walden denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 and accordingly those allegations are denied.

33.    Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and accordingly those allegations are denied.

34.    Denied.

35.    Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and accordingly those allegations are denied.

36.    Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and accordingly those allegations are denied.

37.    Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and accordingly those allegations are denied.

38.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and accordingly those allegations are denied.

39.     Denied.

40.     Denied.

41.     The allegations in Paragraph 41 purport to state legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

42.     The allegations in Paragraph 42 purport to state legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

43.     Walden admits that Walden University licensure specializations in psychology are not accredited by the American Psychological Association (APA), but the remaining allegations in Paragraph 43 are denied.

44.     Denied as stated.  To the extent Paragraph 44 attempts to summarize, paraphrase, or quote from written materials, those written materials speak for themselves.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and accordingly those allegations are denied.

51.     Walden admits that at a point in time the sport psychology specialization was discontinued, but the remaining allegations of Paragraph 51 are denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and accordingly those allegations are denied.

56.     Denied.

57.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and accordingly those allegations are denied.

58.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and accordingly those allegations are denied.

59.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and accordingly those allegations are denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Walden admits that Plaintiff received a Ph.D. in Psychology from Walden University on November 26, 2006, with a specialization in Health Psychology. Walden denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65 and accordingly those allegations are denied.

66.     Denied.

67.     Certain of the allegations in Paragraph 67 purport to state legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.  The remaining allegations are also denied.

68.     The allegations in Paragraph 68 purport to state legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

69.     Denied.

70.     The allegations in Paragraph 70 purport to state legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.


**COUNT II (Negligent Misrepresentation)**

1.-72.   Walden responds to Paragraphs 1 through 72 of Count II by referring to and incorporating by reference herein its responses to Paragraphs 1 through 72 of Count I above.

73.     Denied.

74.     Denied.

75.     Denied.


**COUNT III (CUTPA)**

1.-72.   Walden responds to Paragraphs 1 through 72 of Count III by referring to and incorporating by reference herein its responses to Paragraphs 1 through 72 of Count I above.

73.     Walden denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and accordingly those allegations are denied.

74.     The allegations in Paragraph 74 purport to state legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

**COUNT IV (Breach of Implied Contract)**

1.-72.   Walden responds to Paragraphs 1 through 72 of Count IV by referring to and incorporating by reference herein its responses to Paragraphs 1 through 72 of Count I above.

73.     Denied.

74.     Denied.

75.     Denied.

**COUNT V (Promissory Estoppel)**

1.-75.   Walden responds to Paragraphs 1 through 75 of Count V by referring to and incorporating by reference herein its responses to Paragraphs 1 through 75 of Count IV above.

76.     Denied.

77.     Denied.

78.     Denied.

**COUNT VI (Breach of Implied Covenant of Good Faith and Fair Dealing)**

1.-75.   Walden responds to Paragraphs 1 through 75 of Count VI by referring to and incorporating by reference herein its responses to Paragraphs 1 through 75 of Count IV above.

76.     Denied.

77.     Denied.

78.     Denied.

As and for affirmative defenses, Walden states as follows:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

The Complaint, and each alleged claim contained therein, is barred in whole or in part, by the applicable statutes of limitation.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

The Complaint, and each alleged claim contained therein, is barred in whole or in part, by the doctrines of release, laches, waiver, and/or estoppel.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

The Complaint, and each alleged claim therein, is barred in whole or in part, by the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged claim therein, is barred in whole or in part, by the doctrine of ratification.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged claim therein, is barred in whole or in part, by the statute of frauds.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged claim therein, is barred in whole or in part, because Plaintiff failed to minimize or mitigate his damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged claim therein, is barred in whole or in part, because any alleged breach is not the proximate cause of any alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged claim therein, fails to state a claim upon which relief may be granted.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged claim therein, is barred in whole or in part, by Plaintiff's contributory negligence.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for relief, to the extent it seeks punitive damages, violates Defendant's rights to protection from excessive fines and due process under the United States Constitution.

WHEREFORE, Defendant Walden University, Inc. prays for judgment as follows:

1.      That the Complaint be dismissed in its entirety with prejudice;

2.      That judgment be entered in favor of Defendant and against Plaintiff;

3.      That Defendant be awarded its reasonable costs and attorneys' fees; and

4.      That Defendant be awarded such other further relief as the Court deems just and proper.

Dated: New York, New York                    PAUL, HASTINGS, JANOFSKY
        April 1, 2008                         & WALKER LLP

                                             By:   /s/ Matthew R. Paul
                                                   Matthew R. Paul (ct 21036)

                                                   75 East 55th Street
                                                   New York, NY 10022
                                                   Tel: (212) 318-6000
                                                   Fax: (212) 319-4090
                                                   matthewpaul@paulhastings.com

                                                   *Counsel for Defendant Walden
                                                   University, Inc.*

## CERTIFICATE OF SERVICE

   I hereby certify that on April 1, 2008, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Matthew R. Paul
                     
Matthew R. Paul (ct 21036)
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
matthewpaul@paulhastings.com

LEGAL_US_E # 78662756.1